UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DERRICK TERRELL LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>ST. JOSEPH COUNTY JAIL, et al.,<br><br>    Defendants. | CAUSE NO. 3:20-CV-66-PPS-MGG |

OPINION AND ORDER

Derrick Terrell Lee, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, alleging that officials at the St. Joseph County Jail took money out of his account to purchase a phone card that he never asked for and now will not refund him the money. Even though I have a duty to construe his complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the complaint does not state a federal claim. Therefore, I must dismiss it pursuant to 28 U.S.C. § 1915A, which requires me to review the merits of a prisoner complaint when it is filed.

To state a claim under § 1983, Lee must show that he was deprived of a federal right and that the person responsible for the deprivation acted under color of state law. *See Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Here, Lee has a property interest in the money in his account. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that [an inmate] has a property interest in the funds on deposit in his prison account."). When the government takes a person's property like this, two constitutional provisions are

potentially implicated: the Takings Clause or the Due Process Clause. Lee does not state a claim under either.

The Takings Clause of the Fifth Amendment provides, "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. "The Takings Clause has been held to apply to two types of governmental action: first, the taking of physical possession or control of an interest in property for some public purpose; and second, regulations prohibiting private uses." *Lee v. City of Chi.*, 330 F.3d 456, 474 (7th Cir. 2003) (Wood, J., concurring). At issue here would be the first type of governmental action. However, there is no allegation that his money was taken for public use, and therefore the Takings Clause does not apply. *See Paalan v. United States*, 51 Fed. Cl. 738, 751 (Fed. Cl. 2002) ("The fact that the Government legally may have taken plaintiff's property as evidence, but then lost it, does not state a claim for a taking, because the Government thereby does not take property for public use.").

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. But "intentional deprivation of property does not violate due process so long as adequate state post-deprivation remedies are available." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). And in Indiana, Lee "has an adequate post-deprivation remedy in the Indiana Tort Claims Act," which is all the Fourteenth Amendment requires. *Id.* at 593; *see also Turley v. Rednour*, 729 F.3d 645, 653-54 (7th Cir. 2013) (holding that the Illinois Court of Claims provided an adequate post-deprivation remedy that satisfied due process for inmate's

claim that he was wrongfully denied a stipend while in segregation). The availability of a state remedy forecloses any Fourteenth Amendment due process claim.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). I find no basis to conclude that, if given the opportunity, Lee could state a viable federal claim about the phone card consistent with the allegations he has already made.

For these reasons, the court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A; and

(2) **DIRECTS** the clerk to close this case.

**SO ORDERED on April 5, 2021.**

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT